02-10-210-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00210-CR

 

 


 
 
 Donald Gary Eckland
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Donald Gary Eckland of driving while intoxicated
(DWI), and the trial court sentenced him to 180 days’ confinement in Tarrant
County Jail.  In his sole point, Appellant contends that the trial court’s
admission of the 911 audiotape recording violated his right to confrontation
under the Sixth Amendment to the United States Constitution.  Because we hold
that the trial court did not violate Appellant’s right to confrontation by
admitting the 911 audiotape recording, we affirm the trial court’s judgment.

An
off-duty Irving police officer observed someone driving in an erratic manner
and believed that the driver was impaired.  The off-duty officer called 911,
continued to follow the driver, described the driver’s behavior, and stayed on
the line with the dispatcher for several minutes until a local officer arrived. 
The driver, Appellant, was arrested for DWI.  The off-duty police officer
testified at trial; the dispatcher did not.

Appellant
bases his global challenge not on the statements made by the off-duty police
officer who made the 911 call and described Appellant’s driving behavior but on
unspecified statements made by the police dispatcher on the 911 recording.

We
review a trial court’s decision to admit evidence for an abuse of discretion.[2]
 The Confrontation Clause of the Sixth Amendment to the Constitution of the
United States provides that, “[i]n all criminal prosecutions, the accused shall
enjoy the right . . . to be confronted with the witnesses
against him.”[3]  A testimonial hearsay
statement must not be admitted in evidence against a defendant unless the declarant
is unavailable or the defendant had a prior opportunity to cross-examine the
declarant.[4]  To determine whether a
statement is testimonial, we mainly examine the objective purpose of the
interview or interrogation, not the declarant’s expectations.[5] 
Usually, a statement is “testimonial” if its context objectively shows that the
main purpose of the dialogue from which the statement was taken was to obtain
evidence about a past event potentially relevant to a future criminal
prosecution.[6]

We
have listened to the 911 audiotape.  Nothing indicates that the police dispatcher’s
questions or comments had a primary purpose of establishing or proving past
events potentially relevant to Appellant’s prosecution.[7] 
Instead, the 911 audiotape reveals that the dispatcher was trying to get police
to the location where Appellant was allegedly driving dangerously and the
off-duty Irving police officer was following him.  We therefore hold that under
these facts, the dispatcher made no testimonial statements.[8] 
Consequently, the trial court did not abuse its discretion by admitting the 911
audiotape recording over Appellant’s Confrontation Clause objection.[9]

We
overrule Appellant’s sole point and affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App.
P. 47.2(b)

 

DELIVERED:  December 1, 2011









[1]See Tex. R. App. P. 47.4.





[2]Ramos v. State, 245 S.W.3d 410, 417–18
(Tex. Crim. App. 2008).





[3]U.S. Const. amend. VI.





[4]Crawford v. Washington, 541 U.S. 36,
59, 124 S. Ct. 1354, 1369 (2004).





[5]Davis v. Washington, 547 U.S. 813,
822–23, 126 S. Ct. 2266, 2273–74 (2006).





[6]Id.





[7]See id.





[8]See id.





[9]See Sutton v. State, No. 05-10-00827-CR,
2011 WL 3528259, at *1–2 (Tex. App.—Dallas Aug. 12, 2011, no pet.) (not
designated for publication) (holding same based on similar facts).